ctt

**FILED**

NF

FEB 2 2 2008

Feb 22 2008

**MICHAEL W. DOBBINS**
**CLERK. U.S. DISTRICT COURT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

HAPPY MOSHA )
    Plaintiff, )

   -vs-

CHICAGO POLICE OFFICERS
M. PINZINE (Star #3366),
R. DURAN (Star #15514),
and the CITY OF CHICAGO )
    Defendants. )

**08CV 1104**
**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE KEYS**

## CIVIL COMPLAINT

**NOW COMES** the plaintiff, HAPPY MOSHA by and through her attorney, BRENDAN SHILLER, complaining of the Defendants, Chicago Police Officers M. PINZINE (Star # 3366) and R. DURAN (Star # 15514) and states as follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States and additional state claims.

2. Specifically, as a result of police misconduct more fully described below, Plaintiff was unlawfully seized, falsely imprisoned, and unlawfully assaulted and battered with excessive force by the Defendants and has been harmed greatly by their unconstitutional conduct.

## Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

4. Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois.

## The Parties

5. Plaintiff Happy Mosha resides at 5633 N. Kenmore Avenue, Chicago, Illinois, 60660.

6. Defendant Officers were, at the time of this occurrence, employees of the Chicago Police Department and acted under their authority as duly appointed police officers of the Chicago Police Department at all relevant times.

7. The City of Chicago is a municipal corporation organized under the laws of the State of Illinois. The City is and was the public employer of Defendant Officers.

## Background Facts

8. On September 24, 2007 at approximately 11:00 a.m., Happy Mosha was dropped off at Queen Hair Braiding and Salon, her place of employment, located at 1019 W. Wilson Ave.

9. The salon owner had not yet arrived to open the salon doors, so Plaintiff proceeded to walk to a nearby beauty supply store located just south of Wilson Ave.

10. While crossing Kenmore Street Plaintiff was asked by a female stranger to, "Come over here."

11. Curious as to what the stranger wanted, Plaintiff walked over to the female who was standing outside of a regular, unmarked car, inside of which a male was sitting.

12. Without identifying herself, the female began to question Plaintiff, asking her name, address, and if she had any state ID. When Plaintiff replied that she did not have any, the female then asked her date of birth.

13. Confused as to why a stranger would ask for her personal information Plaintiff hesitated, stating that she was 18 years old and giving a false date that would make her 19.

14. When the female accused her of lying, Plaintiff asked why she was being questioned, to which she replied "Because a girl is missing."

15. The female then told Plaintiff to stop lying, grabbed her by both arms, pulled them behind her back and attempted to handcuff her.

16. Plaintiff was terrified, believing that two strangers were trying to abduct her. Instinctively she struggled with the Defendant Officers, trying to protect herself and maintain her freedom.

17. During the course of the struggle, Plaintiff suffered severe cuts and bruises on her arms and chest.

18. Plaintiff was eventually handcuffed and taken to Belmont and Western.

19. Defendant Officers then submitted a total of three police reports, the first two of which were dismissed by their supervising officer for want of facts justifying laying charges against Plaintiff.

20. In the third report, desperate to ensure Plaintiff would be charged, the arresting officers included allegations that Plaintiff had spit at them. This report was approved by their supervisor.

21. Plaintiff was charged with assault and resisting an arresting peace officer. She was detained until 9:30 pm.

22. Upon her release plaintiff went directly to the Weiss Hospital where she was treated for her injuries before returning home.

23. After two court dates, the charges against Mosha were dismissed.

## Count I - Unlawful Seizure

24. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

25. As described above, the Defendant Officers, acting under color of law, conducted an unconstitutional seizure of Happy Mosha.

26. Specifically, Defendant Officers questioned and arrested Plaintiff without identifying themselves and without any probable cause, warrant, or suggestion that she had committed any crime.

27. As a result of this unlawful seizure plaintiff suffered physical and emotional harm.

28. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

29. WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

## Count II - Excessive Force

30. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

31. As described above, the acts of Defendants were a deprivation of Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the

Fourth Amendment of the Constitution and made applicable to the state by the

Fourteenth Amendment.

32. The force used against Plaintiff by Defendants was unnecessary, unprovoked,

unlawful, unreasonable and excessive.

33. As a result of this excessive force plaintiff suffered physical injuries.

34. These actions were objectively unreasonable and were undertaken intentionally with

malice, willfulness, and reckless indifference to Happy Mosha's rights.

35. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor,

awarding damages, legal costs, including attorney's fees and other such relief as the

court deems just and appropriate

### Count III - State Claim False Imprisonment

36. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

37. The Defendant Officers arrested and retained Happy Mosha against her will.

38. Defendant Officers False imprisonment of Mosha lasted a total of approximately ten

and a half hours.

39. These actions were objectively unreasonable and were undertaken intentionally with

malice, willfulness, and reckless indifference to Happy Mosha's rights.

40. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor,

awarding damages, legal costs, including attorney's fees and other such relief as the

court deems just and appropriate.

### COUNT IV - State Claim Assault

41. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

42. The Defendant Officers intentionally created an apprehension of immediate physical harm by approaching Mosha, grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

43. These overt gestures created a reasonable fear in Plaintiff and resulted in harmful touching despite her attempts to avoid them.

44. As a result of the Defendant Officers conduct Plaintiff suffered physical injuries.

45. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

46. WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

### Count V - State Claim Battery

43. Plaintiff realleges and reincorporates all previous paragraphs.

44. Defendants did not have a reasonable basis for using any force, or, the amount of force used.

45. Without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively touched Plaintiff by grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

46. The defendants' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

47. WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

## Count VI - Failure to Intervene

47. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

48. Plaintiff realleges and incorporates all of the allegations in preceding paragraphs.

49. Each of the Defendants had a reasonable opportunity to prevent the other Defendants from using excessive force against Plaintiff, but failed to do so.

50. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

51. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

52. WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

## Count VII - Malicious Prosecution

53. Plaintiff reincorporates and realleges all previous paragraphs.

54. The Defendant Officers knowingly and maliciously caused criminal charges to be filed and prosecuted against Happy Mosha.

55. There was no probable cause for the institution of a criminal charge against Happy Mosha.

56. The criminal proceedings were commenced and continued maliciously.

57. The Defendant Officers facilitated this malicious prosecution by creating false police reports, which they knew to be false.

58. Defendant Officer Duran swore out false criminal complaints, which she knew to be false, which resulted in charges being brought against Happy Mosha.

59. Plaintiff was wrongfully detained as a direct result of the prosecution of this criminal charge.

60. Defendant Officers continued to misinform Prosecutors causing the criminal charges against Happy Mosha to be continued.

61. On {the date}, Happy Mosha was set to defend her innocence against the charges at trial, neither of the Defendant Officers showed up to testify, resulting in the charges being dismissed.

62. Happy Mosha was injured, including emotional and physical damage, lost wages, loss of livelihood, legal fees, traumas, humiliation, loss of liberty, mental distress, and anguish.

63. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

64. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## Count VIII - Respondent Superior

1. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

2. In committing the acts alleged in Counts I-VII, Defendants acted within their scope of employment.

3. Defendant City of Chicago is the employer of Defendant Officers.

4.    In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  735 ILCS 10/9-102.

5.    As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

6.    Wherefore, Plaintiff demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

### PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

Brendan Shiller

Law Office of Brendan Shiller, LLC
455 N. Broadway, Suite 325
Chicago, IL 60640
ARDC: 6279789