IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAPPY MOSHA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 1104 |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| M. PINZINE (Star #3366), | ) | Judge Gottschall |
| R. DURAN (Star #15514), | ) | |
| and the CITY OF CHICAGO, | ) | Magistrate Judge Keys |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants, Officer Pinzine and Officer Duran, (jointly referred to herein as "Individual Defendant Officers"), by and through their attorney Christopher A. Wallace, Assistant Corporation Counsel of the City of Chicago, and Defendant City of Chicago, by and through its attorney Mara S. Georges, Corporation Counsel, (collectively referred to hereinafter as "Defendants"), respectfully submit the following joint answer to plaintiff's Complaint, affirmative defenses and jury demand.

### Introduction

1.     This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States and additional state claims.

**ANSWER:     Defendants admit that plaintiff brings a civil action seeking damages but deny depriving plaintiff of any rights secured by the Constitution, laws of the United States, or laws of the state of Illinois or any other.**

2.     Specifically, as a result of police misconduct more fully described below, Plaintiff was unlawfully seized, falsely imprisoned, and unlawfully assaulted and battered excessive force by the Defendants and has been harmed greatly by their unconstitutional conduct.

**ANSWER:     Defendants deny the allegations set forth in paragraph two.**

<u>Jurisdiction</u>

3.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**ANSWER:    Defendants admit that jurisdiction is proper in this Court.**

4.    Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois.

**ANSWER:    Defendants admit that venue is proper in this Court but deny the**

**allegations of wrongdoing set forth in this Complaint.**

<u>The Parties</u>

5.    Plaintiff Happy Mosha resides at 5633 N. Kenmore Avenue, Chicago, Illinois, 60660.

**ANSWER:    Defendants lack knowledge and information sufficient to form a**

**belief as to the truth or falsity of the allegations set forth in paragraph five.**

6.    Defendant Officers were, at the time of this occurrence, employees of the Chicago Police Department and acted under their authority as duly appointed police officers of the Chicago Police Department at all relevant times.

**ANSWER:    Defendants admit the allegations in this paragraph.**

7.    The City of Chicago is a municipal corporation organized under the laws of the State of Illinois. The City is and was the public employer of Defendant Officers.

**ANSWER:    Defendants admit the allegations set forth in paragraph seven.**

<u>Background Facts</u>

8.    On September 24, 2007 at approximately 11:00 a.m., Happy Mosha was dropped off at Queen Hair Braiding and Salon, her place of employment, located at 1019 W. Wilson Ave.

**ANSWER:    Defendants lack knowledge and information sufficient to form a**

**belief as to the truth or falsity of the allegations set forth in paragraph eight.**

9.    The salon owner had not yet arrived to open the salon doors, so Plaintiff proceeded

2

to walk to a nearby beauty supply store located just south of Wilson Ave.

**ANSWER:**    **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph nine.**

10.    While crossing Kenmore Street Plaintiff was asked by a female stranger to, "Come over here."

**ANSWER:**    **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph ten.**

11.    Curious as to what the stranger wanted, Plaintiff walked over to the female who was standing outside of a regular, unmarked car, inside of which a male was sitting.

**ANSWER:**    **Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph eleven.**

12.    Without identifying herself, the female began to question Plaintiff, asking her name, address, and if she had any state ID. When Plaintiff replied that she did not have any, the female then asked her date of birth.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph twelve.**

13.    Confused as to why a stranger would ask for her personal information Plaintiff hesitated, stating that she was 18 years old and giving a false date that would make her 19.

**ANSWER:**    **Defendants admit that plaintiff lied to the police. Defendants deny the remaining allegations set forth in paragraph thirteen.**

14.    When the female accused her of lying, Plaintiff asked why she was being questioned, to which she replied "Because a girl is missing."

**ANSWER:**    **Defendants deny the allegations set forth in paragraph fourteen.**

15.    The female then told Plaintiff to stop lying, grabbed her by both arms, pulled them behind her back and attempted to handcuff her.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph fifteen.**

16.    Plaintiff was terrified, believing that two strangers were trying to abduct her. Instinctively she struggled with the Defendant Officers, trying to protect herself and maintain her freedom.

3

**ANSWER:** Defendants admit that plaintiff struggled but deny that plaintiff fully or accurately characterizes her own conduct in relation to this incident. Answering further, Defendants deny the remaining allegation set forth in paragraph sixteen.

17.     During the course of the struggle, Plaintiff suffered severe cuts and bruises on her arms and chest.

**ANSWER:** Defendants admit, upon information and belief, that plaintiff suffered cuts and bruises about her body while struggling with the police but deny, upon information and belief, that they were severe. Answering further, Defendants deny the allegations set forth in paragraph seventeen to the extent they suggest that plaintiff's alleged injuries were wholly sustained during the course of the struggle with Individual Defendants.

18.     Plaintiff was eventually handcuffed and taken to Belmont and Western.

**ANSWER:** Defendants admit that at some point plaintiff was handcuffed and admit that at some point plaintiff was taken to the police station approximately located at the corner of Belmont and Western.

19.     Defendant Officers then submitted a total of three police reports, the first two of which were dismissed by their supervising officer for want of facts justifying laying charges against Plaintiff.

**ANSWER:** Defendants deny the allegations set forth in paragraph nineteen.

20.     In the third report, desperate to ensure Plaintiff would be charged, the arresting officers included allegations that Plaintiff had spit at them. This report was approved by their supervisor.

**ANSWER:** Defendants deny the allegations set forth in paragraph twenty.

21.     Plaintiff was charged with assault and resisting an arresting peace officer. She was detained until 9:30 pm.

**ANSWER:** Defendants admit that plaintiff was charged with violating 720 ILCS 5.0 / 12-2-A-6 and 720 ILCS 5.0 / 31-1-A. Answering further, Defendants deny the

4

remaining allegations set forth in paragraph twenty-one.

22.    Upon her release plaintiff went directly to the Weiss Hospital where she was treated for her injuries before returning home.

**ANSWER:**    **Defendants lack knowledge and information sufficient to form a belief as to truth or falsity of the allegations set forth in paragraph twenty-two.**

23.    After two court dates, the charges against Mosha were dismissed.

**ANSWER:**    **Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph twenty-three.**

**Count I -Unlawful Seizure**

24.    Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**    **Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

25.    As described above, the Defendant Officers, acting under color of law, conducted an unconstitutional seizure of Happy Mosha.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph twenty-five.**

26.    Specifically, Defendant Officers questioned and arrested Plaintiff without identifying themselves and without any probable cause, warrant, or suggestion that she had committed any crime.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph twenty-six.**

27.    As a result of this unlawful seizure plaintiff suffered physical and emotional harm.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph twenty-seven.**

28.    These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

**ANSWER:**    **Defendants deny the allegations set forth in paragraph twenty-eight.**

29.    WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual

5

and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

**ANSWER:     Defendants deny that plaintiff is entitled to the relief prayed for in this paragraph or in this Count.**

## Count II -Excessive Force

30.    Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:     Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

31.    As described above, the acts of Defendants were a deprivation of Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

**ANSWER:     Defendants deny the allegations set forth in paragraph thirty-one.**

32.    The force used against Plaintiff by Defendants was unnecessary, unprovoked, unlawful, unreasonable and excessive.

**ANSWER:     Defendants deny the allegations set forth in paragraph thirty-two.**

33.    As a result of this excessive force plaintiff suffered physical injuries.

**ANSWER:     Defendants deny the allegations set forth in paragraph thirty-three.**

34.    These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

**ANSWER:     Defendants deny the allegations set forth in paragraph thirty-four.**

35.    WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding damages, legal costs, including attorney's fees and other such relief as the court deems just and appropriate

**ANSWER:     Defendants deny that plaintiff is entitled to the relief prayed for in this paragraph or in this Count.**

## Count III - State Claim False Imprisonment

36.    Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**        Defendants reassert their answers contained in the preceding

paragraphs and incorporate their answers herein, as though fully stated.

37.    The Defendant Officers arrested and retained Happy Mosha against her will.

**ANSWER:**        Defendants admit that plaintiff physically resisted arrest but lack

knowledge and information sufficient to form a belief as to the remaining allegations set

forth in paragraph thirty-seven.

38.    Defendant Officers [sic] False imprisonment of Mosha lasted a total of
approximately ten and a half hours.

**ANSWER:**        Defendants deny the allegation that plaintiff was falsely imprisoned

and lack knowledge and information sufficient to form a belief as to the truth or falsity of

the allegation relating to the length of her alleged "imprisonment".

39.    These actions were objectively unreasonable and were undertaken intentionally with
malice, willfulness, and reckless indifference to Happy Mosha's rights.

**ANSWER:**        Defendants deny the complained of conduct, deny the allegations of

wrongdoing and deny all remaining allegations set forth in paragraph thirty-nine.

40.    WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor,
awarding damages, legal costs, including attorney's fees and other such relief as the court deems just
and appropriate.

**ANSWER:**        Defendants deny that plaintiff is entitled to the relief prayed for in

this paragraph or in this Count.

### COUNT IV -State Claim Assault

41.    Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**        Defendants reassert their answers contained in the preceding

paragraphs and incorporate their answers herein, as though fully stated.

42.    The Defendant Officers intentionally created an apprehension of immediate physical

7

harm by approaching Mosha, grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

**ANSWER:**     **Defendants deny the allegations set forth in paragraph forty-two.**

43.     These overt gestures created a reasonable fear in Plaintiff and resulted in harmful touching despite her attempts to avoid them.

**ANSWER:**     **Defendants deny the allegations set forth in paragraph forty-three.**

44.     As a result of the Defendant Officers conduct Plaintiff suffered physical injuries.

**ANSWER:**     **Defendants deny the allegations set forth in paragraph forty-four.**

45.     These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

**ANSWER:**     **Defendants deny the complained of conduct, deny the allegations of**

**wrongdoing and deny all remaining allegations set forth in paragraph forty-five.**

46.     WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

**ANSWER:**     **Defendants deny that plaintiff is entitled to the relief prayed for in**

**this paragraph or in this Count.**

**Count V -State Claim Battery**

43. [sic] Plaintiff realleges and reincorporates all previous paragraphs.

**ANSWER:**     **Defendants reassert their answers contained in the preceding**

**paragraphs and incorporate their answers herein, as though fully stated.**

44. [sic] Defendants did not have a reasonable basis for using any force, or, the amount of force used.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

45. [sic] Without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively touched Plaintiff by grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

8

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

46. [sic]  The defendants' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

47. [sic]  WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

**ANSWER:**     **Defendants deny that plaintiff is entitled to the relief prayed for in this paragraph or in this Count.**

## Count VI -Failure to Intervene

47. [sic]  Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**     **Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

48. [sic]  Plaintiff realleges and incorporates all of the allegations in preceding paragraphs.

**ANSWER:**     **Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

49. [sic]  Each of the Defendants had a reasonable opportunity to prevent the other Defendants from using excessive force against Plaintiff, but failed to do so.

**ANSWER:**     **Defendants deny the complained of conduct, deny the allegations of wrongdoing and deny all remaining allegations set forth in this paragraph.**

50. [sic]  As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

51. [sic]  These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

52. [sic]  WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorney's fees and legal costs.

**ANSWER:**     **Defendants deny that plaintiff is entitled to the relief prayed for in this paragraph or in this Count.**

### Count VII -Malicious Prosecution

53. [sic]  Plaintiff reincorporates and realleges all previous paragraphs.

**ANSWER:**     **Defendants reassert their answers contained in the preceding paragraphs and incorporate their answers herein, as though fully stated.**

54. [sic]  The Defendant Officers knowingly and maliciously caused criminal charges to be filed and prosecuted against Happy Mosha.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

55. [sic]  There was no probable cause for the institution of a criminal charge against Happy Mosha.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

56. [sic]  The criminal proceedings were commenced and continued maliciously.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph in so far as they relate to any conduct attributable to Individual Defendants and/or the City of Chicago.  Answering further, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph in so far as it relates to any conduct of the office of the Cook County State's Attorney.**

57. [sic]  The Defendant Officers facilitated this malicious prosecution by creating false police reports, which they knew to be false.

**ANSWER:**     **Defendants deny the allegations set forth in this paragraph.**

58. [sic]  Defendant Officer Duran swore out false criminal complaints, which she knew to

10

be false, which resulted in charges being brought against Happy Mosha.

    **ANSWER:**    **Defendants deny the allegations set forth in this paragraph.**

59. [sic]  Plaintiff was wrongfully detained as a direct result of the prosecution of this criminal charge.

    **ANSWER:**    **Defendants deny the allegations set forth in this paragraph.**

60. [sic]  Defendant Officers continued to misinform Prosecutors causing the criminal charges against Happy Mosha to be continued.

    **ANSWER:**    **Defendants deny the allegations set forth in this paragraph.**

61. [sic]  On {the date}, [sic] Happy Mosha was set to defend her innocence against the charges at trial, neither of the Defendant Officers showed up to testify, resulting in the charges being dismissed.

    **ANSWER:**    **Defendants lack knowledge and information sufficient to form a belief as to the allegations set forth in this paragraph.**

62.    [sic]  Happy Mosha was injured, including emotional and physical damage, lost wages, loss of livelihood, legal fees, traumas, humiliation, loss of liberty, mental distress, and anguish.

    **ANSWER:**    **Defendants deny the allegations set forth in this paragraph.**

63.    [sic]  These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

    **ANSWER:**    **Defendants deny the complained of conduct, deny the allegations of wrongdoing and deny all remaining allegations set forth in this paragraph.**

64. [sic]    WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

    **ANSWER:**    **Defendants deny that plaintiff is entitled to the relief prayed for in this paragraph or in this Count.**

## Count VIII -Respondent Superior

1. [sic]  Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

**ANSWER:**     Defendants reassert their answers contained in the preceding

paragraphs and incorporate their answers herein, as though fully stated.

2. [sic]  In committing the acts alleged in Counts I-VII, Defendants acted within their scope of employment.

**ANSWER:**     Defendants deny the complained of conduct, deny the allegations of

wrongdoing and deny all remaining allegations set forth in this paragraph.

3. [sic]  Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER:**     Defendants admit the allegations set forth in this paragraph.

4. [sic]  In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

**ANSWER:**     Defendants deny that plaintiff has correctly, accurately or completely

stated the nature of the City's liability under Illinois law, if any.

5. [sic]  As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

**ANSWER:**     Defendants deny the complained of conduct, deny the allegations of

wrongdoing and deny all remaining allegations set forth in this paragraph.

6. [sic]  Wherefore, Plaintiff demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**ANSWER:**     Defendants deny that plaintiff is entitled to the relief prayed for in

this paragraph.

*WHEREFORE, Defendants request this Court enter judgment in their favor and*

*against plaintiff and enter any other relief in favor of Defendants and against plaintiff that*

*this Court deems just and proper.*

12

## AFFIRMATIVE DEFENSES

1.      The Individual Defendant Officers are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted these police officers could have believed their actions to be lawful, in light of clearly established law and the information the officers possessed.

2.      Under Section 201 of the Local Government and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), the Individual Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2002).

3.      Under Section 202 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed in plaintiff's state law claims because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2002). The Individual Defendant Officers were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

4.      Under Section 204 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries claimed under plaintiff's state law claims because they are not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2002).

5.      Under Section 208 of the Tort Immunity Act, the Individual Defendant Officers are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2002).

6.      Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to plaintiff if its employees are not liable to plaintiff.  745 ILCS 10/2-109 (2002).

7.      Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102 (2002).

8.      Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of plaintiff's own acts or omissions, including but not limited to plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

9.      To the extent plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

10.     Plaintiff is barred from recovering damages under the doctrine of estoppel for any injuries sustained from conduct engaged upon by the Individual Defendant Officers deemed a lawful response to plaintiff's acts of resistance to arrest and/or seizure.

11.     Individual Defendant Officers were justified in the use of any force which was reasonably believed to be necessary to effect the arrest or defend themselves or each other from bodily harm while making the arrest pursuant to codified Illinois law under 720 ILCS 5/7-5 (2002).


**JURY DEMAND**

Defendants request trial by jury.


14

DATED:  April 22, 2008

Respectfully submitted,

City of Chicago

Officer Pinzine
Officer Duran

Mara S. Georges
Corporation Counsel

By:  */s/ Christopher A. Wallace*

By:  */s/ Christopher A. Wallace*
        Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Defendant City of Chicago*

        Christopher A. Wallace
Assistant Corporation Counsel
*Attorney for Individual Defendants*

City of Chicago Department of Law
Individual Defense Litigation Division
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

City of Chicago Department of Law
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on April 22, 2008, I caused a copy of the foregoing Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the Court's ECF system.

*/s/ Christopher Wallace*
Christopher Wallace

15