IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAPPY MOSHA | ) | **CDY** |
|     Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 08 C 1104 |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| M. PINZINE (#3366), R. DURAN (#15514), | ) | |
| M. BARTZ (#16315), T. COVELLI (#15028), | ) | Honorable Joan B. Gottschall |
| SGT. MARK FOREST (# 1935) | ) | |
| and the CITY OF CHICAGO | ) | Honorable Arlander Keys |
|     Defendants. | ) | |

### FIRST AMENDED COMPLAINT

**NOW COMES** the plaintiff, HAPPY MOSHA by and through her attorney, BRENDAN SHILLER, complaining of the Defendants, and states as follows:

### Introduction

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States and additional state claims.

2. Specifically, as a result of police misconduct more fully described below, Plaintiff was unlawfully seized, falsely imprisoned, and unlawfully assaulted and battered with excessive force by the Defendants and has been harmed greatly by their unconstitutional conduct.

### Jurisdiction

3. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

4. Venue is proper under 28 U.S.C. Section 1391 (b). The events purported herein all occurred in the Northern District of Illinois.

## The Parties

5. Plaintiff Happy Mosha resides at 5633 N. Kenmore Avenue, Chicago, Illinois, 60660.

6. Defendant Officers were, at the time of this occurrence, employees of the Chicago Police Department and acted under their authority as duly appointed police officers of the Chicago Police Department at all relevant times.

7. The City of Chicago is a municipal corporation organized under the laws of the State of Illinois. The City is and was the public employer of Defendant Officers.

## Background Facts

8. On September 24, 2007 at approximately 11:00 a.m., Happy Mosha was dropped off at Queen Hair Braiding and Salon, her place of employment, located at 1019 W. Wilson Ave.

9. The salon owner had not yet arrived to open the salon doors, so Plaintiff proceeded to walk to a nearby beauty supply store located just south of Wilson Ave.

10. While crossing Kenmore Street Plaintiff was asked by a female stranger to, "Come over here."

11. Curious as to what the stranger wanted, Plaintiff walked over to the female who was standing outside of a regular, unmarked car, inside of which a male was sitting.

12. Without identifying herself, the female began to question Plaintiff, asking her name, address, and if she had any state ID. When Plaintiff replied that she did not have any, the female then asked her date of birth.

13. Plaintiff gave a quick answer and then attempted to walk away. At that time Defendant Pinzine told Plaintiff to stop lying and told Plaintiff to not walk away

14. Plaintiff asked Defendant Pinzine why she was being questioned, to which Pinzine replied "Because a girl is missing."

15. At that point both Defendant Pinzine and Defendant Duran approached Plaintiff, grabbed her by both arms, pulled them behind her back and attempted to handcuff her.

16. During this process, Defendants Pinzine and Duran caused several bruises and abrasions on Plaintiffs arms, right leg, upper right breast and neck. In addition, Defendants caused a severe contusion and two severe lacerations.

17. Plaintiff was eventually handcuffed and taken to the police station.

18. While at the police station, Defendants Pinzine and Duran engaged in numerous conversations with Defendant Forest regarding the proper way to write up the sworn complaints as well as the police reports in order to best protect Defendants Pinzine and Duran from allegations of false arrest and excessive force. Eventually, Defendant Pinzine signed two false sworn complaints alleging that Plaintiff had committed battery and resisting arrest.

19. Defendants Bartz and Covelli wrote the sworn police reports. It is an unwritten policy in the police department that when the victim of a battery is a police officer, other officers write the sworn police reports. It is an additional unwritten practice to use said policy as a way to shield complaining officers from having to write out sworn police reports in order to avoid potential impeachment when those complaining officers testify at the putative criminal trial. This combined unwritten policy and practice results in officers who were not on the scene and did not witness the incident writing and swearing out reports, while the officers who were on the scene and eventually testify have no written reports.

20. In this particular case, even though Defendant Duran was on the scene and did not swear out any complaints, Defendant Forest in conspiracy with the other defendants, designated Defendants Covelli and Bartz to write out the sworn police reports.

21. Plaintiff was charged with assault and resisting an arresting peace officer. She was detained until 9:30 pm.

22. Upon her release plaintiff went directly to the Weiss Hospital where she was treated for her injuries before returning home.

23. After two court dates, the charges against Mosha were dismissed.

### Count I - Unlawful Seizure—Defendants Pinzine and Duran

24. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

25. As described above, the Defendant Officers, acting under color of law, conducted an unconstitutional seizure of Happy Mosha.

26. Specifically, Defendant Officers questioned and arrested Plaintiff without identifying themselves and without any probable cause, warrant, or suggestion that she had committed any crime.

27. As a result of this unlawful seizure plaintiff suffered physical and emotional harm.

28. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

29. WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as punitive damages, and reasonable attorney's fees and legal costs.

### Count II - Excessive Force—Defendants Pinzine and Duran

30. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

31. As described above, the acts of Defendants were a deprivation of Plaintiff's constitutional rights against excessive force as guaranteed to the Plaintiff by the Fourth Amendment of the Constitution and made applicable to the state by the Fourteenth Amendment.

32. The force used against Plaintiff by Defendants was unnecessary, unprovoked, unlawful, unreasonable and excessive.

33. As a result of this excessive force plaintiff suffered physical injuries.

34. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

35. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding actual, compensatory and punitive damages, legal costs, including attorney's fees and other such relief as the court deems just and appropriate

### Count III - State Claim False Imprisonment—Defendants Pinzine and Duran

36. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

37. The Defendant Officers arrested and retained Happy Mosha against her will.

38. Defendant Officers False imprisonment of Mosha lasted a total of approximately ten and a half hours.

39. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

40. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding actual, compensatory, and punitive damages, legal costs, including attorney's fees and other such relief as the court deems just and appropriate.

### COUNT IV - State Claim Assault—Defendants Pinzine and Duran

41. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

42. The Defendant Officers intentionally created an apprehension of immediate physical harm by approaching Mosha, grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

43. These overt gestures created a reasonable fear in Plaintiff and resulted in harmful touching despite her attempts to avoid them.

44. As a result of the Defendant Officers conduct Plaintiff suffered physical injuries.

45. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

46. WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as punitive damages, and reasonable attorney's fees and legal costs.

## Count V - State Claim Battery—Defendants Pinzine and Duran

43. Plaintiff realleges and reincorporates all previous paragraphs.

44. Defendants did not have a reasonable basis for using any force, or, the amount of force used.

45. Without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively touched Plaintiff by grabbing her arms, pulling them behind her back and attempting to handcuff her without identifying themselves as officers.

46. The defendants' conduct that resulted in these batteries were undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

47. WHEREFORE, Mosha demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as punitive damages, and reasonable attorney's fees and legal costs.

### Count VI - Failure to Intervene—Defendants Pinzine and Duran

47. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

48. Plaintiff realleges and incorporates all of the allegations in preceding paragraphs.

49. Each of the Defendants had a reasonable opportunity to prevent the other Defendants from using excessive force against Plaintiff, but failed to do so.

50. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress.

51. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

52. WHEREFORE, Plaintiff demands judgment against Defendant Officers for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as punitive damages, and reasonable attorney's fees and legal costs.

### Count VII - Malicious Prosecution—All Defendants

53. Plaintiff reincorporates and realleges all previous paragraphs.

54. The Defendant Officers knowingly and maliciously caused criminal charges to be filed and prosecuted against Happy Mosha.

55. There was no probable cause for the institution of a criminal charge against Happy Mosha.

56. The criminal proceedings were commenced and continued maliciously.

57. The Defendant Officers facilitated this malicious prosecution by creating false police reports, which they knew to be false.

58. Defendant Officer Pinzine swore out false criminal complaints, which she knew to be false, which resulted in charges being brought against Happy Mosha.

59. Plaintiff was wrongfully detained as a direct result of the prosecution of this criminal charge.

60. Defendant Officers continued to misinform Prosecutors causing the criminal charges against Happy Mosha to be continued.

61. On November 26, Happy Mosha was set to defend her innocence against the charges at trial, neither of the Defendant Officers showed up to testify, resulting in the charges being dismissed.

62. Happy Mosha was injured, including emotional and physical damage, lost wages, loss of livelihood, legal fees, traumas, humiliation, loss of liberty, mental distress, and anguish.

63. These actions were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

64. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding damages, legal costs, including attorney's fees, and punitive damages, other such relief as the Court deems just and appropriate.

### Count VIII – Civil Conspiracy—All Defendants

65. Plaintiff realleges and incorporates all allegations in preceding paragraphs.

66. All individual defendants conspired to deny Plaintiffs' constitutional rights to due process and to be free from excessive force and from unlawful seizures by:

    a. Agreeing to and taking a substantial step in drafting false police reports that claim that Plaintiff committed a crime when she did not.

    b. Agreeing to and taking a substantial step in drafting false police reports that covered up the excessive force used against Plaintiff.

    c. Agreeing to and taking a substantial step in drafting false police reports that covered up the initial unlawful seizure of Plaintiff.

67. This conspiracy resulted in damages in that it forced Mosha to defend against false charges, hire legal assistance, miss work, and suffer emotional and mental anguish.

68. This conspiracy was undertaken intentionally with malice, willfulness, and reckless indifference to Happy Mosha's rights.

69. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, awarding damages, legal costs, including attorney's fees, and punitive damages, other such relief as the Court deems just and appropriate.

### Count IX--Respondent Superior—City of Chicago

70. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

71. In committing the acts alleged in Counts I-VII, Defendants acted within their scope of employment.

72. Defendant City of Chicago is the employer of Defendant Officers.

73. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

74. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

75. Wherefore, Plaintiff demands judgment against Defendant City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

### Count X--*Monell* Claim

76. Plaintiff reallege and incorporate all of the allegations in the preceding paragraphs.

77. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

78. Among the de facto policies of the municipality and its agents were:

    a. The unwritten practice of having officers charge battery and/or resisting arrest and/or disorderly conduct as a means of covering up use of excessive force

    b. The unwritten practice of having officers not involved in incidents of physical contact between civilians and officers write the sworn police reports regarding those incidents as a means of protecting the officers actual involved

    c. The failure to properly investigation allegations of police misconduct.

    d. The failure to have a system which monitors patterns of alleged police misconduct.

    e. The failure to properly discipline sustained allegations of police misconduct.

    f. The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

    g. The failure to properly hire, train, monitor, and/or supervise officers.

    h. A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of prsons, despite their obligation under Department regulations to do so. This conduct included police officers who remain silent or give false or misleading information

during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

79. The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, and its subsidiary departments, Office of Professional Standards, and Internal Affairs Division, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

80. WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant City of Chicago, and that the Plaintiffs be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully Submitted,

/s/ Brendan Shiller /s/
Brendan Shiller

Law Office of Brendan Shiller, LLC
455 N. Broadway, Suite 325
Chicago, IL 60640
ARDC: 6279789

## **CERTIFICATE OF SERVICE**

Brendan Shiller, a licensed attorney, states that on May 27, 2008 a copy of the foregoing Amended Complaint was caused to be delivered, by United States Mail, to the following:

Christopher Wallace
City of Chicago Dept. of Law
30 N. LaSalle. St., Suite 1400
Chicago, IL 60602


/s/ Brendan Shiller /s/
Brendan Shiller